# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MEGAN BLEDSOE ) | |
| 963 S. Rolfe St., Unit A ) | |
| Arlington, VA 22204 ) | |
| ) | |
|     **Plaintiff** ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| WASHINGTON METROPOLITAN AREA ) | |
| TRANSIT AUTHORITY ("WMATA") ) | |
| Serve at: ) | |
| Carol O'Keeffe, Esquire ) | |
| General Counsel's Office ) | |
| WMATA ) | |
| 600 Fifth Street NW ) | |
| Washington, DC 20001 ) | |
| ) | |
|     **Defendant.** ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Megan Bledsoe, by and through counsel, and moves for judgment against the Defendant Washington Metropolitan Area Transit Authority ("WMATA"), on the grounds and in the amount as set forth below:

1. Jurisdiction in this Court is founded on the Washington Metropolitan Area Transit Regional Compact, which establishes original jurisdiction in this Court over WMATA matters pursuant to WMATRC Article XVI § 81, codified in District of Columbia law as D.C. Code § 9-1107.10.

2. Venue in this Court is proper because Defendant's negligent acts occurred in the District of Columbia.

3. Plaintiff Megan Bledsoe is an adult resident of the Commonwealth of Virginia.

4.  Defendant is the owner of the WMATA Metro Subway System ("Metro").

5.  Metro is operated by its employees acting within the course and scope of their employment with WMATA.

6.  Pursuant to D.C. Code § 9-1107.10(80), Defendant is liable for all negligence of its Directors, officers, employees, and agents when performing any proprietary function.

7.  Metro operations are proprietary functions as a matter of law under D.C. Code § 9-1107.10(80).

8.  Further, at all times relevant, WMATA's trains, operations, tunnels, tracks, and adjoining railroad property were owned, controlled, operated, managed, constructed, maintained, repaired, designed, evaluated, built, overseen, patrolled, and supervised by WMATA.

## FACTUAL BACKGROUND

9.  On January 12, 2015, Plaintiff Megan Bledsoe was a passenger in the third car of a six-car WMATA Train 302 ("Metro Train 302") traveling on the Yellow Line toward Huntington, Virginia.

10. Plaintiff boarded the Metro train at the L'Enfant Plaza Metro Station at approximately 3:13 p.m., and was headed to the Pentagon Metro Station.

11. After traveling a few hundred feet, Metro Train 302 came to an abrupt halt.

12. The conductor of Metro Train 302 stated that there was "smoke in the tunnel."

13. The conductor proceeded to walk through Metro Train 302.

14. After it stopped, Metro Train 302 filled with gray smoke with a peculiar smell.

15. After a few minutes, Plaintiff Megan Bledsoe could not see even a few feet in front of her because of the density of the smoke.

16. The conductor of Metro Train 302 instructed the passengers to "remain calm," to "stay on the train," and that the "train can't move with an open door."

17. Plaintiff Megan Bledsoe and other passengers were for all purposes trapped in the smoke-filled Metro Train 302.

18. Passengers began to panic.

19. Several passengers began coughing.

20. A passenger near Plaintiff Megan Bledsoe began vomiting.

21. Plaintiff Megan Bledsoe, who was standing when she entered Metro Train 302, laid on the floor of Metro Train 302 to resist smoke inhalation as best as she could.

22. Plaintiff Megan Bledsoe remained in the smoke-filled Metro Train 302 on the floor from approximately 3:20 p.m. to 4:00 p.m.

23. While trapped in the smoke-filled Metro Train 302, Plaintiff Megan Bledsoe sent a text to her fiancé stating that she was "not sure she was going to make it." Her fiancé received this text message.

24. After approximately 4:00 p.m., a WMATA employee announced that passengers could exit Metro Train 302.

25. Plaintiff Megan Bledsoe, and the other able passengers, exited Metro Train 302 and walked alongside the train down the tunnel towards the L'Enfant Metro Station.

26. Plaintiff Megan Bledsoe observed the deceased passenger, Carol Glover, receiving unsuccessful CPR.

27. Plaintiff Megan Bledsoe observed a male passenger receiving treatment for a seizure.

28. Plaintiff Megan Bledsoe observed several other passengers who had faces blackened from the smoke.

29. Plaintiff Megan Bledsoe's Smartrip card she used that day to enter the L'Enfant Metro Station shows her entering the station but not exiting.

30. The National Transportation Safety Board has investigated and continues to investigate the events of January 12, 2015.

31. The National Transportation Safety Board issued a preliminary report as to the events of January 12, 2015 on January 16, 2015.

32. The following link is to a video of 5:51 duration published by the National Transportation Safety Board on June 23, 2015 entitled "WMATA Arcing/Smoke Event with Passenger Evacuation at L'Enfant Plaza Station", and which provides a timeline of key events:  https://www.youtube.com/watch?v=gPQt93A7k7Y&feature=youtu.be

## COUNT I
**(Negligence)**

33. Plaintiff Megan Bledsoe hereby incorporates the allegations set forth in Paragraphs 1 through 32 as if fully articulated here.

34. Defendant is and was a common carrier, and owed a duty of high care to Plaintiff Megan Bledsoe and its other passengers.

35. Defendant breached this duty when it:

    a. Failed to properly inspect and maintain the third rail running through the relevant section of the tunnel;

    b. Failed to properly inspect and maintain the ventilation system for the relevant section of tunnel;

    c. Failed to properly train its agents, servants, and/or employees in the proper activation and use of the ventilation system in the event of a fire or smoke emergency;

    d. Failed to equip its trains, including Metro Train 302, with safety equipment adequate for emergencies of this nature;

    e. Failed to move Metro Train 302 to a safe location after it first encountered smoke in the tunnel;

    f. Failed to timely shut off electricity to the third rail in the relevant section of tunnel;

    g. Failed to timely inform District of Columbia Fire and Emergency Medical Services Department that electricity had been shut off to the third rail in the relevant section of tunnel;

    h. Failed to timely evacuate Metro Train 302 if and when it was determined that the train could or would not be moved and its cars were filling with smoke; and

    i. Was otherwise negligent, careless, or wrongful in its failure to take reasonable precautions to protect Plaintiff Megan Bledsoe and its other passengers from injury.

36. As a direct and proximate result of Defendant's negligence, Plaintiff Megan Bledsoe was trapped in Metro Train 302 for approximately forty-five minutes as it filled with smoke in fear for her life.

37. As a direct and proximate result of Defendant's negligence, Plaintiff Megan Bledsoe suffered smoke inhalation.

38. As a direct and proximate result of Defendant's negligence, Plaintiff Megan Bledsoe visited a physician the day following the incident as she was nursing her infant at the time and was highly concerned about the smoke inhalation's effect.

5

39. As a direct and proximate result of Defendant's negligence, Plaintiff Megan Bledsoe is frightened to return to the Metro and use the Metro for commuting purposes, as she had prior to this incident – instead she pays each day to park.

40. As a direct and proximate result of Defendant's negligence, Plaintiff Megan Bledsoe is frightened to take the Metro for any purpose and experiences severe anxiety at the notion of taking a Metro train.

41. As a direct and proximate result of Defendant's negligence, Plaintiff Megan Bledsoe suffered emotional distress and mental anguish as a result of this horrifying experience on Metro.

WHEREFORE, Plaintiff Megan Bledsoe requests judgment against the Defendant, in the amount of five million dollars ($5,000,000) together with the costs of this action, for pre-judgment and post-judgment interest, and all other relief the Court deems fair, just, and appropriate.

Dated: July 7, 2015                     Respectfully submitted,

                                        PERRY CHARNOFF PLLC


                                        _____/s/_____
                                        Scott M. Perry (#459841)
                                        Mikhael D. Charnoff (#476582)
                                        2300 Wilson Boulevard, Suite 240
                                        Arlington, VA 22201
                                        P: (703) 291-6650
                                        F: (703) 563-6692
                                        scott@perrycharnoff.com
                                        mike@perrycharnoff.com
                                        *Counsel for Plaintiff Megan Bledsoe*

## **JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by a jury on all issues so triable in this Complaint.

_____/s/_____
Scott M. Perry